19-3817
*Rubio Rubio v. Wilkinson*

BIA
Farber, IJ
A094 226 532

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand twenty-one.

PRESENT:
> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> *Circuit Judges*,
> GARY R. BROWN,*
> *District Judge.*

_____

CARLOS NAHUM RUBIO RUBIO, AKA
CARLOS RUBIO, AKA CARLOS TURCIO,
> *Petitioner*,

v.                                          19-3817

ROBERT M. WILKINSON, ACTING

_____

* Judge Gary R. Brown, of the United States District Court for the Eastern District of New York, sitting by designation.

UNITED STATES ATTORNEY GENERAL,
        *Respondent.*†

_____

**FOR PETITIONER:**        MIRNA CARDONA, Wells Fargo Legal Department, New York, NY (David J. de Jesus, Jason M. Brown, Reed Smith LLP, San Francisco, CA; Janet E. Sabel, Attorney-in-Chief, Adriene Holder, Attorney-in-Charge, Civil, Hasan Shafiqullah, Attorney-in-Charge, ILU, Julia Dona, Of Counsel, Supervising Attorney, Elizabeth Rieser-Murphy, Of Counsel, Legal Aid Society, New York, NY, *on the brief*).

**FOR RESPONDENT:**        ALLISON FRAYER, Office of Immigration Litigation (M. Jocelyn Lopez Wright, Senior Litigation Counsel; Lori B. Warlick, Trial Attorney, Office of Immigration Litigation, *on the brief*), United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Carlos Nahum Rubio Rubio, a native and citizen of El Salvador, seeks review of an October 30, 2019 decision of the BIA affirming a May 8, 2019

---

† Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Robert M. Wilkinson is automatically substituted for former Assistant Attorney General Jeffrey A. Rosen.

decision of an Immigration Judge ("IJ") denying Rubio's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Carlos Nahum Rubio Rubio,* No. A 094 226 532 (B.I.A. Oct. 30, 2019), *aff'g* No. A 094 226 532 (Immigr. Ct. N.Y.C. May 8, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's findings of fact for substantial evidence. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006); *Joaquin-Porras v. Gonzales*, 435 F.3d 172, 181 (2d Cir. 2006). Under this standard, where there are two permissible views of the evidence, we defer to the IJ. *See Siewe v. Gonzales*, 480 F.3d 160, 166–68 (2d Cir. 2007).

For withholding of removal, an applicant must establish a "clear probability of persecution" upon removal, *Vanegas-Ramirez v. Holder*, 768 F.3d 226, 237 (2d Cir. 2014) (internal quotation marks omitted), and that his "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant," 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010).

3

There may be "more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks omitted). But an applicant "must provide *some* evidence of [a persecutor's motives], direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 291 (2d Cir. 2007).

Here, substantial evidence supports the agency's determination that Rubio did not establish any past or future harm to him or his family on account of his membership in a particular social group. Rubio testified that gangs targeted him and his family as retaliation for his brother's former membership in a rival gang, but his testimony was speculative as to any specific connection between these individual incidents and any protected ground. There is also substantial evidence in the record to support the agency's finding that the gangs were motivated merely by financial gain, which would not amount to persecution on account of a protected ground. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007). For example, Rubio testified that MS-13 tried to recruit him when he was a teenager, that MS-13 members demanded money when he was removed to

4

El Salvador in 2012, and that Barrio 18 members threatened and attempted to extort his family members.

Rubio nevertheless insists that Barrio 18 members who said that they needed to collect a "debt" from Rubio's brother were speaking about a symbolic debt, not a financial one. While that is one possible view of the record, another equally plausible interpretation – perhaps even more plausible – is that the gang sought to collect actual money, which is, after all, exactly what Rubio's mother reported that gang members requested. And, importantly, Rubio did not allege any physical harm to himself or to other family members who received threats – yet another sign that the gang was merely chasing financial gain. In light of this evidence, we detect no grounds for upsetting the agency's findings. *See Siewe*, 480 F.3d at 166–68.

Because the nexus determination was dispositive of Rubio's eligibility for withholding of removal, we need not reach his claim that the agency retroactively applied the more stringent standard of *Matter of L-E-A-*, 27 I. & N. Dec. 581 (A.G. 2019) in rejecting his particular social group. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues [that are] unnecessary to the results they reach.").

5

Substantial evidence also supports the agency's denial of CAT relief. CAT relief does not require a nexus between the torture and any protected ground, but it does require the alien to show that he would "more likely than not" be tortured. *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). To constitute torture for purposes of CAT relief, the likely harm must be "at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

Here, as the IJ reasoned, despite the severity of gang violence in El Salvador, Rubio did not demonstrate that the Salvadoran government would consent or acquiesce to his torture by gang members. Rubio cites testimony from an expert witness and background evidence of government corruption in El Salvador. But that evidence would not compel any reasonable adjudicator to conclude that Rubio will more likely than not be tortured if he returned to El Salvador, particularly as he was not tortured in the past when he returned to El Salvador following a prior deportation. *See* 8 U.S.C. § 1252(b)(4)(B) (directing that the agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); 8 C.F.R. § 1208.16(c)(3) (requiring

6

agency to consider, inter alia, "[e]vidence of past torture inflicted upon the applicant" and "conditions in the country of removal").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court